UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| CARLA McCARTHY, | ) | |
|  | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-409 |
|  | ) | |
| v. | ) | Honorable Robert Holmes Bell |
|  | ) | |
| FIRST AMERICAN TITLE | ) | |
| INSURANCE COMPANY, | ) | **REPORT AND RECOMMENDATION** |
|  | ) | |
| Defendant. | ) | |
|  | ) | |

This is an employment discrimination action brought *pro se* by plaintiff against her former employer, First American Title Insurance Company, based on (1) plaintiff's June 28, 2002 encounter with her supervisor, Ms. Lora Cooper, regarding the inappropriateness of plaintiff's work attire (conspicuous absence of a bra); and (2) the July 11, 2002 termination of plaintiff's employment. Plaintiff filed her complaint in this court on June 13, 2005, alleging that these two incidents constituted sex discrimination in violation of Title VII and violated her rights under the Fourteenth Amendment's Equal Protection Clause.

On December 22, 2005, defendant filed a motion for summary judgment. Defendant seeks entry of judgment in its favor on plaintiff's Title VII claims on the grounds that plaintiff never received the necessary right-to sue letter, and alternatively, if the correspondence that plaintiff did receive from the EEOC in March of 2003 constituted a right-to-sue letter, plaintiff's complaint was untimely. Defendant requests entry of judgment in its favor on plaintiff's Equal Protection Clause

claim on the basis that it is not a state actor. On December 22, 2005, the court issued an order advising plaintiff of her opportunity to submit affidavits, documents, and other materials in opposition to defendant's motion for summary judgment on or before January 23, 2006. On January 17, 2006, plaintiff filed her response. (docket # 23). Upon review, I recommend that defendant's motion for summary judgment be granted in part and denied in part. I recommend that defendant's motion be granted and that judgment be entered in defendant's favor on plaintiff's equal protection claim. I recommend that defendant's motion be granted on plaintiff's Title VII claims only to the extent of dismissing the claims without prejudice for plaintiff's failure to exhaust her available administrative remedies and obtain the necessary right-to-sue letter. I recommend that defendant's motion for summary judgment on the merits of plaintiff's Title VII claims be denied without prejudice.

**Applicable Standards**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Community Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir.), *cert. denied*, 126 S. Ct. 650 (2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir.), *cert. denied*, 126 S. Ct. 338 (2005). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Terry v. LaGrois*, 354 F.3d 527, 530 (6th Cir. 2004) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see Tucker v. Union of Needletrades Indus. & Textile Workers*, 407 F.3d

784, 787 (6th Cir. 2005); *Rainer v. Union Carbide Corp.*, 402 F.3d 608, 614 (6th Cir.), *cert. denied*, 126 S. Ct. 562 (2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

When the party without the burden of proof (generally the defendant) seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of her pleadings. FED. R. CIV. P. 56(e); *see Daniel v. Cantrell*, 375 F.3d 377, 381 (6th Cir. 2004). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see BDT Prod., Inc. v. Lexmark Int'l, Inc.*, 124 F. App'x 329, 331 (6th Cir.), *cert. denied*, 126 S. Ct. 384 (2005); *see also DaimlerChrysler Serv. N. Am. v. Summit National, Inc.*, 144 F. App'x 542, 547 (6th Cir. 2005) ("Put another way, summary judgment is appropriate if the party with the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case."). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could

reasonably find for the [non-movant].'" *Daniels v. Woodside*, 396 F.3d 730, 734 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). "A nonmoving party may not avoid a properly supported motion for summary judgment by simply arguing that it relies solely or in part on credibility considerations. Instead, the nonmoving party must present evidence to defeat a properly supported motion for summary judgment. The party opposing summary judgment must be able to point to some facts which may or will entitle him to judgment, or to refute the proof of the moving party in some material portion, and the opposing party may not merely recite the incantation, 'credibility,' and have a trial on the hope that a jury may believe factually uncontested proof." *Fogerty v. MGM Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004), *cert. denied*, 543 U.S. 1120 (2005).

## **Facts**

The following facts are beyond genuine issue. Plaintiff was employed by defendant as an accountant. Defendant had a dress code in effect for its employees. On June 22, 2002, plaintiff's supervisor, Ms. Lora Cooper, approached plaintiff at the door to plaintiff's office, and according to plaintiff the following conversation occurred:

Lora: Do you have a minute?

Carla: Sure.

Lora: This is embarrassing, I don't know how to say this, but a couple of people have asked me so I'll just say it . . . . [pause] . . . . Are you wearing a bra today?

Carla: That's a personal choice.

Lora: I realize that it is a personal choice, but I am telling you, you may not let it be noticeable while at work.

On July 11, 2002, defendant terminated plaintiff's employment. The termination report (Attachment, docket # 1) stated that defendant had terminated plaintiff's employment because plaintiff's job performance had been unsatisfactory and because plaintiff had refused to follow instructions.

Plaintiff contacted the Michigan Department of Civil Rights ("MDCR"). On July 15, 2002, the MDCR issued a Statement of Concern. This notice advised plaintiff that no formal civil rights complaint had been filed. The MDCR stated that it could not take further action, because plaintiff had declined to file a formal complaint. (Attachment, docket # 1). The MDCR advised plaintiff that if she wished to appeal its decision she was required to file her appeal in writing by on or before August 14, 2002. The notice also stated as follows:

> Please be advised, however, that the Michigan Department of Civil Rights can take and investigate complaints of discrimination filed within 180 days of the discriminatory act. In addition, the EEOC can take complaints within 300 days of the discriminatory act. Thus, you have the option of filing a complaint concerning this issue at a later time, provided that you contact the Department within the above time frame.

(Attachment, docket # 1). Plaintiff has presented no evidence that she appealed the MDCR's decision in the manner prescribed or that she ever filed a formal complaint of sex discrimination with the MDCR.

On March 14, 2003, plaintiff wrote a letter to the EEOC. The first paragraph of plaintiff's letter to the EEOC states, "The purpose of this correspondence is to file a complaint with the Equal Employment Opportunity Commission against my former employer, First American Title Insurance Company, because my civil rights were violated." (Attachment, docket # 1). Plaintiff then related the above-quoted dialogue with Supervisor Cooper. Plaintiff argued that male employees had been treated differently because "the male employees were coming to work clothed in the same

manner as myself, which I will generically describe as fabric over bare breasts. Nothing was said to them and no action was taken against them, therefore, I was discriminated against on the basis of gender." (*Id.* at 3). Plaintiff also stated that she was concerned that wearing a bra might increase her risk of breast cancer. (*Id.*). Plaintiff's letter made only a passing reference to defendant's termination of her employment in the two sentences set forth verbatim below:

> July 11, 2002, at approximately 8:45 am Dave Nichols came into my office and informed me I was terminated and instructed me to remove my personal items. Several times I requested something in writing, but my request was repeatedly denied and I was instead given an 'EXIT INTERVIEW FORM' with direction it was optional to complete.

(*Id.* at 2). Plaintiff's letter closed with a statement that she expected to receive compensatory and punitive damages, and directed the EEOC to inform her of all actions taken. (*Id.* at 4).

On March 20, 2003, the EEOC wrote plaintiff a letter (Attachment, docket # 1) advising plaintiff that the EEOC's role was not to act as plaintiff's representative or advocate. Its role was to conduct an impartial investigation and when appropriate, seek corrective action:

> Your allegations regarding the statement that was made to you by your supervisor does not rise to the level of a violation of Title VII of the Civil Rights Act of 1964, as amended, because it is the **only** comment that you have attributed to her (or anyone else), as they relate to sex (gender) discrimination.
>
> Furthermore, in your allegations of being discriminated against under Title VII of the Civil Rights Act, it does not appear that there has been any measurable harm within the meaning of the statute. In addition, you have not provided any information that shows similarly situated male employees were treated differently, notwithstanding your argument that they were coming to work clothed in the same manner as yourself, which you describe as "fabric over bare breasts".
>
> Therefore, based upon the information you have provided, it does not appear that you have established a reason to show that you have been discriminated against within the meaning of the statutes enforced by the Equal Employment Opportunity Commission.
>
> You may want to contact a private attorney as there may be a state law that might address your concerns.

(Attachment, docket # 1). Plaintiff submitted no affidavits or documents indicating that she had any further contact with the EEOC. Plaintiff never obtained a right-to-sue letter.

In her response to defendant's motion for summary judgment, plaintiff presented evidence that she contacted two law firms. On June 23, 2003, a local law firm declined to represent plaintiff. The firm's correspondence advised plaintiff that if she failed to file her charge of discrimination with the Michigan Department of Civil Rights within 180 days of with the EEOC within 300 days from the date of the act(s) of discrimination, that her right to pursue legal action against defendant would be time-barred. (6/23/03 letter, attachment, docket # 23). Roughly two years later, plaintiff contacted a second law firm. On May 20, 2005, the second law firm likewise declined to undertake the representation. (5/20/05 letter, attachment docket # 23). Approximately ten days before filing this lawsuit, plaintiff recontacted the first law firm. On June 3, 2005, the firm sent plaintiff a form letter, virtually identical to the letter the firm had issued two years earlier, declining the representation. (6/3/05 letter, attachment docket # 23). On June 13, 2005, plaintiff filed her *pro se* complaint.

**Discussion**

1.   Title VII Claims

As a statutory prerequisite to the ability to bring suit under Title VII, a claimant must file a timely administrative charge with the EEOC or analogous state agency and receive a right-to-sue letter at the conclusion of the administrative proceedings. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973). Exhaustion of administrative remedies is a prerequisite to plaintiff's ability to maintain an employment discrimination suit under Title VII. *See Zipes v.*

*Transworld Airlines, Inc.*, 455 U.S. 385, 393 (1982). Plaintiff has never obtained a right-to-sue letter. Dismissal without prejudice is generally the appropriate remedy for a Title VII claim filed prematurely before administrative remedies are exhausted and a right-to-sue letter secured. *See e.g.*, *Mayers v. Sedgwick Claims Mgmt. Services, Inc.*, 101 F. App'x 591, 593 (6th Cir.), *cert. denied*, 543 U.S. 966 (2004). Accordingly, I recommend that plaintiff's Title VII claims be dismissed without prejudice for her failure to exhaust administrative remedies and obtain the necessary right-to-sue letter.[1]

Defendant's alternative argument, that plaintiff's complaint was untimely because the EEOC's March 20, 2003 letter constituted a right-to-sue letter, requires little discussion. The EEOC's March 20, 2003 letter was obviously not a right-to-sue letter. *See* 29 C.F.R. 1601.28(e). The EEOC's letter stated nothing about authorizing plaintiff to bring a civil action in federal court for violations of Title VII and nothing regarding plaintiff's 90-day period within which to file a civil lawsuit. Defendant's argument warrants no further discussion.

2.   Equal Protection Clause Claim

"To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a

---

[1] The court need not venture into the realm of conjecture about what might happen in the future if plaintiff elects to return to the EEOC and seek the issuance of a right-to-sue letter. Among the issues that have never been raised or addressed at the administrative level are whether plaintiff's March 14, 2003 letter to the EEOC constitutes an administrative charge under the EEOC regulations and applicable statutes, whether the filing was timely if it was an administrative charge, and if both timely and an administrative charge, whether the charge can be amended or supplemented at this late date to cure defects such that an EEOC issued right-to-sue letter would encompass the Title VII claims plaintiff prematurely attempted to assert in this lawsuit. *See Edelman v. Lynchburg College*, 535 U.S. 106 (2002); *Nichols v. Muskingum College*, 318 F.3d 674 (6th Cir. 2003); 42 U.S.C. § 2000e-5(b); 29 C.F.R. § 1601.12(b).

protected class." *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990); *see Figel v. Overton*, 121 F. App'x 642, 648 (6th Cir. 2005). A plaintiff must allege deprivation of a right guaranteed by the federal Constitution or laws by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir. 2005). "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful the conduct.'" *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)(quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Plaintiff has not alleged that defendant was a state actor and has produced no evidence indicating that defendant acted under color of state law. I find that defendant is entitled to judgment in its favor as a matter of law on plaintiff's Equal Protection Clause claim.

## **Recommended Disposition**

For the foregoing reasons, I recommend that defendant's motion for summary judgment be granted in part and denied in part. I recommend that the motion be granted and that judgment be entered in defendant's favor on plaintiff's Equal Protection Clause claim. I recommend that defendant's motion be granted on plaintiff's Title VII claims only to the extent that defendant seeks dismissal without prejudice of plaintiff's Title VII claims for lack of the administrative exhaustion and the absence of the necessary right-to-sue letter. I recommend that defendant's motion for summary judgment on the merits of plaintiff's Title VII claims be denied without prejudice.

Dated:   March 28, 2006                         /s/  Joseph G. Scoville
                                                United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).